**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

NOVO NORDISK A/S AND NOVO
NORDISK INC.,

      Plaintiffs,

      v.

PRO HEALTH INVESTMENTS, LLC,

      Defendant.

Case No. 2:23-cv-02369-JPM-atc

**CONSENT PRELIMINARY INJUNCTION ORDER**

The Parties having met and conferred, in accordance with Local Rule 7.2(a)(1)(B), regarding the intent of Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (together, "Novo Nordisk" or "Plaintiffs") to file a motion for preliminary injunction herein; and

The Parties, by and through their undersigned counsel, having agreed to entry of this Consent Preliminary Injunction Order; and

The Parties having agreed that the consent of Novo Nordisk and of Defendant Pro Health Investments, LLC ("Defendant") to the entry of this Consent Preliminary Injunction Order shall be without prejudice to any of the claims asserted by Novo Nordisk in the Complaint herein or any permanent or other relief to which Novo Nordisk may be entitled, and without prejudice to any defenses that Defendant may have to the claims asserted in Novo Nordisk's Complaint; and

The Parties having agreed to entry of this Consent Preliminary Injunction Order by the Court based on the Parties' agreement to its entry, and without any admission or acknowledgement of the truth of the allegations of Novo Nordisk's Complaint or the truth of any defenses that may

be asserted by Defendant, and without any findings or conclusions regarding the claims asserted by Novo Nordisk in its Complaint or regarding Novo Nordisk's likelihood of success on its claims against Defendant other than those set forth herein; and

Defendant having agreed, for purposes of this Order, to waive the entry of findings of fact and conclusions of law in accordance with Rule 52(a)(2) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      Solely for purposes of this Consent Preliminary Injunction Order and with the consent of Defendant, the Court finds:

(a)      This court has jurisdiction over the claims asserted by Novo Nordisk and over the Parties for purposes of this action, and venue is proper in this Court.

(b)      Use of Novo Nordisk's registered trademarks OZEMPIC®, WEGOVY® and/or RYBELSUS® in connection with compounded drugs purporting to contain semaglutide or in connection with the advertising, marketing, sale, or promotion of such drugs is likely to cause confusion and infringe Novo Nordisk's trademark rights.

(c)      Statements to the effect that compounded drugs purporting to contain semaglutide are Novo Nordisk products, are associated with Novo Nordisk, have been approved by the U.S. Food and Drug Administration ("FDA") and/or have been proven to achieve certain therapeutic results or effects are likely to be false and violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

(d)      Such use and statements are likely to cause irreparable injury to Novo Nordisk.

2

(e)      The balance of hardships and the public interest weigh in favor of the entry of injunctive relief with respect to such use and statements.

2.      Defendant Pro Health Investments, LLC, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby, during the pendency of this action:

(a)      **PRELIMINARILY ENJOINED** from using Novo Nordisk's registered trademarks OZEMPIC®, WEGOVY® and/or RYBELSUS® ("the Marks") in any manner, including but not limited to (i) use of the Marks in any manner that is likely to cause confusion, to cause mistake or to deceive or otherwise infringe Novo Nordisk's rights in the Marks in any way, and (ii) use of the Marks in connection with the advertising, marketing, sale or promotion of any compounded drugs purporting to contain semaglutide that have not been approved by the FDA; and

(b)      **PRELIMINARILY ENJOINED** from advertising or stating that any unapproved compounded drugs purporting to contain semaglutide that either are available, directly or indirectly, from or through Defendant or the use of which is facilitated by Defendant:

(1)    are genuine or authentic Novo Nordisk OZEMPIC®, WEGOVY® or RYBELSUS® drugs;

(2)    are sponsored by or associated with Novo Nordisk;

(3)    are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

3

(4)    have been proven to achieve certain therapeutic results or effects, including but not limited to relying on or making reference to clinical trial results for Novo Nordisk's products;

(5)    are associated or connected in any way with Novo Nordisk or Novo Nordisk's products; or

(6)    contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk product.

3.    **IT IS FURTHER ORDERED** that Defendant shall conspicuously and prominently disclose, in all advertising, marketing and promotional materials for any compounded drugs purporting to contain semaglutide, that: (1) the compounded drugs are compounded drug products that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to FDA to be safe or effective for their intended use; (2) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (3) FDA-approved products containing semaglutide are available.

**IT IS FURTHER ORDERED THAT** Novo Nordisk is not required to post a bond in any amount in connection with this Consent Preliminary Injunction Order.

**SO ORDERED,** this 28th day of July, 2023.

s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

4

CONSENTED TO:

RILEY & JACOBSON, PLC

s/ Steven A. Riley
Steven A. Riley
(TN Bar No. 6258)
Milton S. McGee, III
(TN Bar No. 24150)

1906 West End Ave.
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth St., Suite 1600
Los Angeles, CA  90071
(213) 443-4355
jakro@kslaw.com
acraig@kslaw.com

Bruce W. Baber
KING & SPALDING LLP
1180 Peachtree St., NE, Suite 1600
Atlanta, GA  30309
(404) 572-4600
bbaber@kslaw.com

*Attorneys for Plaintiffs*
*NOVO NORDISK A/S and*
*NOVO NORDISK INC.*

BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, PC

s/ Scott M. Douglass
Scott M. Douglass
(BPR #031097)

165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901)-526-2000
sdouglass@bakerdonelson.com

*Attorneys for Defendant*
*Pro Health Investments, LLC*

5