IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> PRO HEALTH INVESTMENTS, LLC, <br><br> Defendant. | Case No. 2:23-CV-02369-JPM-atc |

**PERMANENT INJUNCTION ON CONSENT AND DISMISSAL**

This matter having come before the Court on the joint request of the parties for entry of this Permanent Injunction on Consent and Dismissal (this "Consent Injunction"); and

It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on June 20, 2023, and that defendant Pro Health Investments, LLC ("Pro Health") was served with the Complaint and, through counsel, appeared on July 11, 2023; and

It further appearing that a Consent Preliminary Injunction Order was entered herein on July 28, 2023; and

It further appearing that the parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Consent Injunction in connection with such resolution of this action; and The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the express consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over defendant Pro Health. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff Novo Nordisk's Complaint states causes of action against defendant Pro Health for trademark infringement, false advertising, and unfair competition in violation of sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), common law, and the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-101 et seq.

3. Plaintiff Novo Nordisk has adopted and used, and has valid and enforceable rights in and to, the trademarks OZEMPIC, WEGOVY, and RYBELSUS (the "Novo Nordisk Marks") for pharmaceutical products.

4. The federal trademark registrations of plaintiff Novo Nordisk A/S for the Novo Nordisk Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| OZEMPIC | 4,774,881 | July 21, 2015 | Pharmaceutical preparations (class 5) |
| WEGOVY | 6,585,492 | December 14, 2021 | Pharmaceutical preparations (class 5) |
| wegovy | 6,763,029 | June 21, 2022 | Pharmaceutical preparations (class 5) |
| RYBELSUS | 5,682,853 | February 26, 2019 | Pharmaceutical preparations (class 5) |

5. Without the consent of plaintiff Novo Nordisk, defendant Pro Health has used one or more of the Novo Nordisk Marks in connection with the sale, marketing, promotion, and offering of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Not-FDA-approved Compounded Drugs").

6. Without the consent of plaintiff Novo Nordisk, defendant Pro Health has engaged in advertising, marketing, and/or promotion that falsely suggests that: (i) the Not-FDA-approved Compounded Drugs offered and sold by defendant Pro Health are genuine Novo Nordisk, semaglutide-based medicines and/or are approved by the FDA; (ii) the Not-FDA-approved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use (iii) defendant Pro Health and/or its Not-FDA-approved Compounded Drugs are sponsored by, associated with, or affiliated with Novo Nordisk and/or Novo Nordisk's FDA-approved, semaglutide-based medicines; (iv) the Not-FDA-approved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes by relying on or making reference to clinical trial results for Novo Nordisk's medicines, and/or that the Not-FDA-approved Compounded Drugs are interchangeable with or equivalent to genuine Novo Nordisk FDA-approved, semaglutide-based medicines; and/or (v) the Not-FDA-approved Compounded Drugs contain FDA-approved semaglutide or any genuine Novo Nordisk FDA-approved products.

7. Defendant Pro Health's actions as described above are likely to cause confusion, infringe Novo Nordisk's rights in the Novo Nordisk Marks, and violate Novo Nordisk's rights under the Lanham Act and state law.

8. Defendant Pro Health, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

(a) using the Novo Nordisk Marks in any manner, including but not limited to (i) use in any manner that is likely to cause confusion or mistake, to deceive, or otherwise infringe Novo Nordisk's rights in the Novo Nordisk Marks in any way, or (ii) use in connection with the advertising, marketing, sale, or promotion of any Not-FDA-approved Compounded Drugs; and,

(b) advertising, stating, or suggesting that any Not-FDA-approved Compounded Drugs, including but not limited to any Not-FDA-approved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

(1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

(2) are sponsored by or associated with Novo Nordisk;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4) achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes by relying on or making reference to clinical trial results for Novo Nordisk's medicines or the semaglutide API in Novo Nordisk's medicines;

       (5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines by relying on or making reference to Novo Nordisk's medicines or the semaglutide API in Novo Nordisk's medicines;

       (6) are interchangeable with or equivalent to genuine Novo Nordisk medicines or contain semaglutide that is equivalent or the same as the semaglutide API in Novo Nordisk's medicines;

       (7) are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines; or

       (8) contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine..

    9.    IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Consent Injunction, Defendant shall conspicuously and prominently disclose in any materials for any Not-FDA-approved Compounded Drugs, including but not limited to all advertising, marketing, and promotional materials, that: (a) the Not-FDA-approved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

10. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Consent Injunction.

11. The Consent Injunction is hereby entered in favor of plaintiff Novo Nordisk as set forth above. Upon the entry of the Consent Injunction, all claims asserted in this action are hereby dismissed without prejudice by order of this Court pursuant to Fed. R. Civ. P. 41(a)(2) ("Dismissal"), except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Consent Injunction, and as otherwise provided herein.

12. Each party shall bear its own attorneys' fees and costs incurred in this matter.

13. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Consent Injunction and Dismissal, who shall enter it on the records of the Patent and Trademark Office.

14. This Consent Injunction shall be deemed to have been served on defendant Pro Health, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**SO ORDERED,** this 15th day of March, 2024.

/s/ Jon P. McCalla

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

| | |
|---|---|
| COVINGTON & BURLING LLP<br>Nathan E. Shafroth (admitted pro hac vice)<br>nshafroth@cov.com<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>(415) 591-7053<br><br>RILEY & JACOBSON, PLC<br>Steven A. Riley (TN Bar No. 6258)<br>sriley@rjfirm.com<br>Milton S. McGee, III (TN Bar No. 24150)<br>tmcgee@rjfirm.com<br>1906 West End Ave.<br>Nashville, TN 37203<br>(615) 320-3700<br><br><br>Attorneys for Plaintiffs<br>NOVO NORDISK A/S and<br>NOVO NORDISK INC. | **BAKER, DONELSON, BEARMAN**<br>**CALDWELL & BERKOWITZ, PC**<br>Scott M. Douglass (BPR #031097)<br>Pete A. Brunson (BPR # 037109)<br>165 Madison Avenue, Suite 2000<br>Memphis, Tennessee 38103<br>Telephone:      901.526.2000<br>sdouglass@bakerdonelson.com<br>pbrunson@bakerdonelson.com<br><br>Counsel for Defendant<br>Pro Health Investments, LLC |